3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/11/2017 3:03:12 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

SHAWNA ARROYO,

      Plaintiff,

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

      Defendant.

D-307-CV-2017-00121

Arrieta, Manuel I.

## COMPLAINT FOR DECLARATORY JUDGMENT AND TO RECOVER DAMAGES FOR UNDERINSURED MOTORIST COVERAGE BENEFITS, BREACH OF CONTRACT, BAD FAITH AND NEGLIGENCE

COMES NOW the Plaintiff Shawna Arroyo (Arroyo) by and through her attorneys of record THE PICKETT LAW FIRM, LLC. (Mark L. Pickett) and for her complaint against Defendant Allstate Fire and Casualty Insurance Company (Allstate) states upon her knowledge or based upon information and belief as follows:

### JURISDICTION

1. Arroyo is an individual who resides in Doña Ana County, New Mexico.

2. Allstate is a company which provides automobile insurance and was at all times material to the allegations of this complaint, a business duly authorized to do business and to provide automobile insurance in the State of New Mexico.

3. At all times material to this complaint, Allstate was licensed to do business in the State of New Mexico and was doing business in Doña Ana County, New Mexico.

4. The incident giving rise to this complaint occurred in Doña Ana County, State of New Mexico.

5. Jurisdiction and venue are proper in this Court.

EXHIBIT A

## FACTUAL ALLEGATIONS

6. Arroyo incorporates all previous paragraphs as though fully restated herein.

7. On or about July 18, 2013, Arroyo drove her car, a 2011 Lexus, in a safe and lawful manner in Las Cruces, New Mexico.

8. While Arroyo drove her car in a safe and lawful manner, another driver, Irene Sanchez, crashed into Arroyo's car.

9. The sole and proximate cause of the collision was due to the negligence and reckless driving of Ms. Sanchez.

10. As a direct and proximate result of the collision, Arroyo sustained personal injuries; has undergone and will continue to undergo pain and suffering; suffered loss of enjoyment of life; and has incurred medical expenses, and will incur medical expenses for treatment of her condition, all of which damages shall continue into the future.

11. Arroyo is entitled to recover punitive damages due to Ms. Sanchez' reckless driving.

12. Arroyo suffered a loss of earnings as a direct and proximate result of the crash with Ms. Sanchez.

13. Arroyo lost the use of her car as a direct and proximate result of the crash.

14. Arroyo filed a lawsuit against Ms. Sanchez for Arroyo's injuries and damages.

15. At the time of the collision, Ms. Sanchez was insured by Geico General Insurance Company (Geico) and her liability policy limits were $25,000.00.

16. At the time of the collision, Arroyo was a named insured on an Allstate policy under an insurance coverage contract, policy number 8 16 359422 (hereafter "Policy"). A true and correct copy of the Declarations Page of the Policy is attached hereto and incorporated by reference as exhibit 1.

2

17. Arroyo's Policy with Allstate contained coverage for uninsured and underinsured motorist coverage.

18. Arroyo was an insured person as defined by the Policy in its definitions for coverage for uninsured and underinsured motorist coverage.

19. The Policy's underinsured motorist coverage does not exclude claims for punitive damages.

20. Arroyo sought and obtained Allstate's permission to settle with Ms. Sanchez' carrier, Geico.

21. Arroyo has otherwise performed all conditions necessary for her right to receive payment of insurance proceeds under the Policy to compensate her for the losses caused by Ms. Sanchez' negligence and reckless driving.

22. The settlement with Geico was insufficient to compensate Arroyo for her damages as set forth in this complaint and in Arroyo's complaint against Ms. Sanchez filed in the Third Judicial District Court in Doña Ana County, New Mexico, on March 14, 2015, Cause No. D-307-2015-00580.

23. Because Ms. Sanchez was underinsured, Arroyo is looking to Allstate to recover the balance of her damages, including punitive damages, under the underinsured motorist coverage in the Policy which was in effect on the date of the car crash.

24. Arroyo made reasonable offers to Allstate within the Policy's limits to resolve her underinsured motorist claim.

25. Allstate rejected Arroyo's offers and Allstate responded with low offers which were not reasonable and were not in good faith considering Arroyo's personal injuries, medical expenses, loss of earnings, claim for loss of use of her car, and punitive damages claim.

3

**COMPLAINT FOR DECLARATORY JUDGMENT**

26. Arroyo incorporates all previous paragraphs as though fully restated herein.

27. Allstate failed to provide reasonable offers to settle Arroyo's demands for compensation for her injuries and damages under the Policy.

28. Allstate's offers to settle Arroyo's underinsured motorist claim were not made in good faith.

29. An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and the Policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, NMSA 1978, Sections 44-6-1 to 44-6-15.

30. Arroyo requests that the facts, circumstances, and applicable law be reviewed and this Court issue its order determining and awarding the amount of damages incurred by Arroyo as alleged in this complaint, declaring the parties' respective rights and obligations, and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act.

**CLAIM FOR UNDERINSURED MOTORIST BENEFITS AGAINST ALLSTATE**

31. Arroyo incorporates all previous paragraphs as if fully set forth herein.

32. At all times material, Ms. Sanchez was an underinsured motorist as defined by New Mexico law and contemplated by the Policy.

33. As a result of the underinsured status of Ms. Sanchez, and the coverage contained in the Policy, Arroyo is entitled to recover damages incurred as a result of the July 18, 2013 collision from Allstate under the underinsured motorist coverage in the Policy.

34. Allstate should be directed to pay Arroyo a sum sufficient to compensate her for the injuries and damages she suffered as a result of the collision on July 18, 2013.

4

35.  Arroyo is also entitled to recover punitive damages if it is determined that Ms. Sanchez was driving in a reckless manner and Allstate should be directed to pay all punitive damages.

36.  Arroyo is entitled to recover her attorney's fees and costs in pursuing this action pursuant to NMSA 1978, Section 39-2-1.

## BREACH OF CONTRACT BY ALLSTATE

37.  Arroyo incorporates all previous paragraphs as though fully restated herein.

38.  Allstate entered into a contract, identified as the Policy, with Arroyo to provide underinsured motorist coverage in exchange for premiums paid to Allstate.

39.  Under the Policy, Arroyo was an insured and was a beneficiary of the Policy.

40.  As a direct and proximate result of the car crash, Arroyo suffered damages as alleged in this complaint and in Arroyo's complaint against Ms. Sanchez and Arroyo's damages exceed the limits of Ms. Sanchez' Geico policy.

41.  Allstate is required, pursuant to the Policy, to pay damages, including punitive damages, which Arroyo is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury, loss of income, and loss of the use of her car.

42.  Allstate refused to make reasonable offers to resolve Arroyo's claim within the Policy's limits.

43.  Allstate failed and refused to pay Arroyo's damages pursuant to the Policy.

44.  Allstate breached the contractual obligations contained in the Policy to pay the damages incurred by Arroyo.

45.  As the direct and proximate result of Allstate's breaches, Arroyo suffered damages and continues to suffer damages as alleged in this complaint to be determined at trial.

46.  Arroyo is entitled to recover her attorney's fees and costs in pursuing this action pursuant to NMSA 1978, Section 39-2-1.

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

47.  Arroyo incorporates all previous paragraphs as though fully restated herein.

48.  Allstate entered into a contract with Arroyo and, consequently, owed Arroyo a duty of good faith and fair dealing.

49.  Allstate breached the covenant of good faith and fair dealing inherent in its contract with Arroyo.

50.  As a direct, natural, and proximate result of those breaches, Arroyo suffered and continues to suffer damages as alleged in this complaint.

51.  Allstate's breach is willful, in wanton disregard for Arroyo's rights, and in bad faith, thereby entitling Arroyo to punitive damages.

### INSURANCE BAD FAITH AND BREACH OF FIDUCIARY DUTIES

52.  Arroyo incorporates all previous paragraphs as though fully restated herein.

53.  The loss suffered by Arroyo on July 18, 2013 was within the Policy limits and Arroyo made offers to Allstate to settle her claim within those limits.

54.  Allstate had a fiduciary duty to deal fairly with its insured, Arroyo.

55.  Allstate acted in bad faith in refusing to settle Arroyo's underinsured motorist claim and failing to give the interests of its insured, Arroyo, the same considerations as Allstate's interests.

56. The conduct of Allstate was in reckless disregard for the interests of Arroyo, in breach of Allstate's fiduciary duties, and in bad faith entitling Arroyo to punitive damages.

## UNFAIR INSURANCE CLAIMS PRACTICES

57. Arroyo incorporates all previous paragraphs as though fully restated herein.

58. Allstate is an insurance company doing business in New Mexico and is subject to the provisions in NMSA 1978, Sections 59A-16-1 to -30 (Trade Practices and Frauds within the Insurance Code).

59. Allstate failed to abide by its statutory duties as required by the Insurance Code by not attempting in good faith to effectuate a fair and reasonable settlement with Arroyo.

60. As a result of Allstate's conduct and violations, Arroyo suffered and continues to suffer damages as alleged in this complaint to be determined at trial.

61. Allstate's violation of its statutory duties was willful, wanton, reckless, and in bad faith, entitling Arroyo to punitive damages.

## NEGLIGENCE BY ALLSTATE

62. Arroyo incorporates all previous paragraphs as though fully restated herein.

63. Allstate owed Arroyo statutory and common law duties to properly investigate, adjust, and evaluate Arroyo's claims for damages.

64. Allstate failed to properly investigate, adjust, and evaluate Arroyo's claim under the Policy and thereby breached its duties owed to Arroyo.

65. As a proximate result of Allstate's negligence, Arroyo has been damaged as alleged in this complaint in an amount to be proven at trial, including but not limited to attorney's fees and costs pursuant to NMSA 1978, Section 39-2-1.

66.  As a proximate result of Allstate's negligence, Arroyo was required to bring this lawsuit against Allstate and thereby be subjected to the further stress, inconvenience and difficulties of litigation, will incur costs and expenses, is required to pay attorney's fees, and will suffer a delay in Allstate's performance of its contractual obligations and payment of damages to Arroyo.

## DAMAGES

67.  Arroyo incorporates all previous paragraphs as though fully restated herein.

68.  As a direct and proximate result of the collision on July 18, 2013 and due to Allstate's actions and omissions, Arroyo suffers past and future pain and suffering; past and future loss of enjoyment of life; and past and future medical expenses and Arroyo has not been fully compensated for her damages.

69.  Arroyo suffered a loss of earnings as a direct and proximate result of the crash with Ms. Sanchez for which she has not been fully compensated.

70.  Arroyo suffered a loss of use of her car and has not been fully compensated.

71.  Arroyo is entitled to recover punitive damages from Allstate due to Ms. Sanchez' reckless driving.

72.  As a result of having to bring this lawsuit, Arroyo is subjected to the further stress, inconvenience and difficulties of litigation, will incur costs and expenses, is required to pay attorney's fees, and suffers a delay in Allstate's performance of its contractual obligations and payment of damages to Arroyo.

73.  Due to Allstate actions and omissions as alleged in this complaint, Arroyo has not been fully compensated for all sums she is legally entitled to recover for her damages.

74. Arroyo is entitled to recover punitive damages from Allstate for its conduct as described in this complaint.

WHEREFORE, Arroyo prays for judgment against Allstate for:

    A.    Damages as set forth in this complaint to be ascertained at trial;

    B.    Punitive damages;

    C.    Attorney's fees as provided under NMSA, §39-2-1;

    D.    Costs incurred in this litigation;

    E.    Prejudgment and postjudgment interest; and

    F.    Any other relief which this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

THE PICKETT LAW FIRM, LLC.

*/s/ Mark Pickett*
MARK L. PICKETT
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Fax: (575) 526-6791
Attorneys for Plaintiff Shawna Arroyo

# Allstate Fire and Casualty Insurance Company

Policy Number : 6 16 359422 03/01      Your Agent:  Jodi-Rae Moore  (575) 524-0570
Policy Effective Date: Mar. 1, 2013

COVERAGE FOR VEHICLE # 1

## 2011 Lexus ls250

| COVERAGE | LIMITS | | DEDUCTIBLE | PREMIUM |
|---|---|---|---|---|
| Automobile Liability Insurance | | | Not Applicable | $182.09 |
| • Bodily Injury | $100,000 | each person | | |
| | $300,000 | each occurrence | | |
| • Property Damage | $50,000 | each occurrence | | |
| Automobile Medical Payments | $2,000 | each person | Not Applicable | $5.98 |
| Auto Collision Insurance | Actual Cash Value | | $500 | $224.66 |
| (Safe Driving Deductible Reward - deductible reduction amount available is $200  ) | | | | |
| Auto Comprehensive Insurance | Actual Cash Value | | $500 | $90.38 |
| Uninsured Motorists Insurance | | | | $27.84 |
| • Bodily Injury | $25,000 | each person | Not Applicable | |
| | $50,000 | each accident | | |
| • Property Damage | $25,000 | each accident | $250 | |
| Uninsured Motorists Insurance Bodily Injury limits of insured vehicles may not be stacked | | | | |
| Total Premium for 11 Lexus ls250 | | | | $539.95 |

## RATING INFORMATION

This vehicle is driven over 7,500 miles per year, 0-3 miles to work/school




EXHIBIT
1

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/11/2017 3:03:12 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

SHAWNA ARROYO,

   Plaintiff,         D-307-CV-2017-00121

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

   Defendant.

## DEMAND FOR TRIAL BY JURY

  COMES NOW the Plaintiff, SHAWNA ARROYO, by and through her attorneys of

record, THE PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby demands a trial by a

jury of six (6) persons, and tenders herewith the required jury fee of One Hundred Fifty Dollars

and no/cents ($150.00).

       RESPECTFULLY SUBMITTED,

       THE PICKETT LAW FIRM, LLC.

       _/s/ Mark L. Pickett_____
       MARK L. PICKETT
       P.O. Box 1239
       Las Cruces, NM 88004
       Telephone: (575) 526-3338
       Fax: (575) 526-6791
       Email: mark@picklawllc.com
       Attorneys for Plaintiff

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/11/2017 3:03:12 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

SHAWNA ARROYO,

     Plaintiff,                        D-307-CV-2017-00121

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     Defendant.

## MANDATORY CERTIFICATION OF RELIEF SOUGHT

COMES NOW the Plaintiff, SHAWNA ARROYO by and through her attorneys of record,

THE PICKETT LAW FIRM, LLC. (Mark L. Pickett), and hereby certifies that the relief sought

in her Complaint to Recover Damages for Personal Injuries is for a money judgment which

exceeds $25,000.00, exclusive of punitive damages, interest, costs and attorneys fees.

                                  RESPECTFULLY SUBMITTED,

                                  THE PICKETT LAW FIRM, LLC.
                                  Attorneys for Plaintiff
                                  P.O. Box 1239
                                  Las Cruces, NM  88004
                                  Telephone:  (575) 526-3338
                                  Facsimile: (575) 526-6791

                                  */s/ Mark L. Pickett*
                                  MARK L. PICKETT

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/12/2017 9:30:48 AM
CLAUDE BOWMAN
Victor Eres

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

Shawna Arroyo,

**Plaintiff,**

vs.

D-307-CV-2017-00121
Judge Manuel I. Arrieta

**Allstate Fire and Casualty
Insurance Company,**

**Defendants.**

## ORDER REQUIRING SCHEDULING REPORTS
## and a DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
## and LIMITING STIPULATIONS TO ENLARGE TIME
## FOR RESPONSIVE PLEADINGS

### IT IS SO ORDERED:

A.   Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service.  Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.   Within sixty (60) days after the complaint is filed, parties of record shall file a Scheduling Report (LR3-502) with copies to opposing parties and the assigned judge.  Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C (*see Appendix to the Local Rules for all forms*), or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C.   Any party who enters the case more than sixty (60) days after the filing of the initial pleading shall file a Scheduling Report within ten (10) days and deliver a copy to the assigned judge.

D.     If all parties are not of record within sixty (60) days after the filing date of the initial pleading, each party making a claim against one or more absent parties (*Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.*) shall, within five (5) business days after the 60th day, file with the court, serve parties of record and deliver a copy to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Case at Issue".

E.     Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order.  The motion shall state with particularity the reason an enlargement is in the best interests of the parties.  A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.     When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.     If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H.     For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the initial complaint has been filed or ten (10) days after all parties are joined if LR3-Form 2.14 NMRA has been filed.  If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.     Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   (1)    stipulate to a discovery plan and file the stipulation with the court, or

   (2)    request a hearing to establish a discovery plan pursuant to Paragraph B of Rule 1-016 NMRA.

(3)     In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) days after the complaint was filed or fifteen (15) days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.      The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.      A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.      A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.      For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.      If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties.  The parties shall confer regarding the nature and extent of the release and stipulate, if possible.  If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court.  A copy of the

memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NMRA shall apply.

J.     Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph 1 of this Order.

K.     Intent to Call Expert Witness - Disclosure.     No later than sixty (60) days after filing their respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness (es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on. All parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of section 8 (A-E) of the 07/15/2014 attachment to the scheduling order filed, with respect to each expert listed.

_____
Hon. Manuel I Arrieta, District Court Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Delivered to Plaintiff on January 12, 2017.

Claude Bowman
Clerk of Court

_____
Deputy – Victor A. Eres

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
2/2/2017 9:56:34 AM
CLAUDE BOWMAN
Josephina Gomez

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

D-202-CV-2017-00080

SHAWNA ARROYO,
     Plaintiff,

vs.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,
     Defendants.

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint for Declaratory Judgment and to Recover Damages for Underinsured Motorist Coverage Benefits, Breach of Contract, Bad Faith and Negligence, and Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Allstate Fire and Casualty Company was sent to Defendant ALLSTATE FIRE AND CASUALTY COMPANY on January 23, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on January 25, 2017 as shown by return receipt by Postmaster.

In

hereunto set my official seal
on this 27th day of January, 2017

_John D. Franchini_
Superintendent of Insurance

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF**
**INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 432
(505) 827-4241

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

January 23, 2017

Allstate Fire & Casualty Ins. CO
C/O CT Corporation
206 S. Coronado Avenue
Espanola, NM 87532

Re: Shawna Arroyo vs. Allstate Fire and Casualty Insurance Company
Docket # D-307-CV-2017-00121

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Declaratory Judgment and to Recover Damages for Underinsured Motorist Coverage Benefits, Breach of Contract, Bad Faith and Negligence, and Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant, Allstate Fire and Casualty Insurance Company on the above styled cause.  Service was accepted on your behalf on January 23, 2017.

Respectfully,

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL 7012 3460 0003 1668 7370

**SUMMONS**

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

SHAWNA ARROYO,

       Plaintiff,

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

       Defendant.

Cause No. CV-2017-00121
Judge Manuel I. Arrieta

To:    Allstate Fire & Casualty
       Insurance Company

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

    1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

    3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6. If you need an interpreter, you must ask for one in writing.

    7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

    Dated at  Las Cruces     , New Mexico, this 12th  day of January, 2017.

CLAUDE BOWMAN
CLERK OF THE COURT

By: _Natasha M. Rousseau_

Deputy



Attorney for Plaintiff:

MARK L. PICKETT
The Pickett Law Firm, LLC.
P.O. Box 1239
Las Cruces, NM 88004
Telephone: (575) 526-3338
Fax: (575) 526-6791
Email Address: mark@picklawllc.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

 CT Corporation

**Service of Process Transmittal**
01/25/2017
CT Log Number 530575865

**TO:**   Shelby Fields
Allstate Insurance Company
MCO Office, 3600 NW 138th St., Ste. 200
Oklahoma City, OK 73134

**RE:**   **Process Served in New Mexico**

**FOR:**   Allstate Fire and Casualty Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shawna Arroyo, Pltf. vs. Allstate Fire and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment(s), Certification, Demand, Order, First Set of Interrogatories |
| **COURT/AGENCY:** | Third Judicial District Court - Dona Ana County, NM<br>Case # D307CV201700121 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/25/2017 postmarked on 01/23/2017 |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Mark L. Pickett<br>The Pickett Law Firm, LLC<br>P.O. Box 1239<br>Las Cruces, NM 88004<br>575-526-3338 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/26/2017, Expected Purge Date: 01/31/2017<br><br>Image SOP<br><br>Email Notification,  Shelby Fields  shelby.fields@allstate.com<br><br>Email Notification,  Drew Schowengerdt  drew.schowengerdt@allstate.com<br><br>Email Notification,  Milt Thulin  Milt.Thulin@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>206 S Coronado Ave<br>Espanola, NM 87532-2792<br>360-357-6794 |

Page 1 of  1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE >> PITNEY BOWES

ZIP 87501 $ 008.55⁰
02 4M
0000340487 JAN 23 2017



CERTIFIED MAIL™

7012 3460 0003 1668 7370

Office of Superintendent of Insurance
Service of Process
PO Box 1689
Santa Fe, NM 87504-1689

Allstate Fire & Casualty Ins. CO
C/O CT Corporation
206 S. Coronado Avenue
Espanola, NM 87532